STEVENSON, J.
C.J.T. appeals from a final order of disposition. Because the disposition of forty-five days in secure detention was unauthorized, we reverse. Moreover, because this is “an issue capable of repetition and tending to evade review,” we write briefly to address why section 985.26(3), Florida Statutes (2012), is not a sentencing alternative. K.P. v. State, 952 So.2d 1229, 1230 (Fla. 5th DCA 2007).
C.J.T. was simultaneously on probation for four separate eases. The State filed a petition for violation of probation in each case, and, at Defendant’s VOP hearing, the trial judge adjudicated him guilty of the underlying offense for each petition filed. At the disposition hearing, for three of the cases, the trial court ordered that Defendant spend fifteen days in secure deten *984 tion, with the fifteen-day periods to run consecutively. Defendant would then be placed in a level six moderate-risk commitment program for the fourth case.
To support the forty-five-day secure detention disposition, the trial court relied on section 985.26(3). In part, section 985.26 provides:
(2) A child may not be held in secure, nonsecure, or home detention care under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced in good faith by the court. However, upon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case, the court may extend the length of detention for an additional 9 days if the child is charged with an offense that would be, if committed by an adult, a capital felony, a life felony, a felony of the first degree, or a felony of the second degree involving violence against any individual.
(3) Except as provided in subsection (2), a child may not be held in secure, nonse-cure, or home detention care for more than 15 days following the entry of an order of adjudication.
§ 985.26(2)-(3), Fla. Stat. (2012). When read in conjunction with section 985.27(1)(b) (“Postcommitment detention while awaiting placement”),[1] it appears that section 985.26(3) applies when an order of adjudication has been entered but the trial court determines that continued secure detention is necessary for logistical reasons, such as keeping the child and public safe while awaiting space in a selected program. Section 985.26(3) does not, however, provide a disposition alternative. Instead, the trial court should have relied upon section 985.433, Florida Statutes (2012), which sets forth disposition alternatives for juvenile offenders, but, notably, does not include ordering that the child be held in secure detention. Accordingly, we reverse the trial court’s disposition that C.J.T. spend forty-five consecutive days in secure detention.

Reversed.

TAYLOR and CONNER, JJ., concur.

. For instance, section 985.27(1)(b) provides that the department may seek an order from the court authorizing continued detention of a child awaiting placement in a moderate-risk residential program; "[hjowever, such continued detention in secure detention care may not exceed 15 days after entry of the commitment order” with certain exceptions not applicable to the instant case. Juveniles awaiting placement in a high or maximum risk facility, however, must be detained. § 985.27(1)(c)-(d), Fla. Stat. (2012).